Mary L. Moore, Esq. (Bar ID No. 023421991)
JACKSON LEWIS P.C.
200 Connell Drive
Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5210
ATTORNEYS FOR DEFENDANTS

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

ANN CARLATTA [sic],

               Plaintiff,

v.

BERTELSMANN, INC.; and RTL
ADCONNECT, INC.,

           Defendants.

CIVIL ACTION NO. _____

To:   Clerk of Court
United States District Court for the District of New Jersey
MLK, Jr. Building & U.S. Courthouse
50 Broad Street
Newark, New Jersey 07102

The Law Offices of Richard Malagiere, PC
Leonard E. Seaman, Esq.
250 Moonachie Road
Suite 102
Moonachie, NJ 07074

Attorneys for Plaintiff

### NOTICE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

Pursuant to the requirements of 28 U.S.C. § 1446(d), on October 12, 2020, a notice of filing of petition for removal, a true copy of which is attached hereto as Exhibit A, will be filed with the Clerk of the Superior Court of the State of New Jersey for the County of Bergen.

Respectfully submitted,

Dated: October 12, 2020

By:   s/ Mary L. Moore
Mary L. Moore

JACKSON LEWIS P.C.
Mary L. Moore, Esq.
200 Connell Drive
Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200

Beverly W. Garofalo, Esq.
(*pro hac vice forthcoming*)
90 State House Square
8th Floor
Hartford, CT 06103
(860) 331- 1535

**ATTORNEYS FOR DEFENDANTS**

4815-8492-0270, v. 1

# EXHIBIT A

Mary L. Moore, Esq. (Bar ID No. 023421991)
JACKSON LEWIS P.C.
200 Connell Drive
Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5210
ATTORNEYS FOR DEFENDANTS
BERTELSMANN, INC. AND RTL ADCONNECT, INC.

| | |
|---|---|
| ANN CARLATTA [sic],<br><br>    Plaintiff,<br><br>v.<br><br>BERTELSMANN, INC.; and RTL<br>ADCONNECT, INC.,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY – LAW DIVISION<br><br>  Civil Action<br><br>Docket No: BER-L-2326-20<br><br>**NOTICE OF FILING OF NOTICE AND<br>PETITION FOR REMOVAL** |

TO:
Clerk of the Court
Superior Court of New Jersey
Bergen County Courthouse
10 Main Street
Hackensack, NJ 07601

The Law Offices of Richard Malagiere
 Leonard Seaman, Esq.
 250 Moonachie Road, Suite 102
 Moonachie, New Jersey 07074
 (201) 440-0675
 Attorneys for Plaintiff

   **PLEASE TAKE NOTICE** that Defendants, Bertelsmann, Inc. ('Bertelsmann")

and RTL AdConnect, Inc. ("RTL") (collectively, "Defendants"), have forwarded for filing their

notice of removal of this action to the United States District Court for the District of New Jersey

on October 12, 2020.   A copy of the notice filed with the United States District Court is

submitted herewith as Exhibit 1.

   **PLEASE TAKE FURTHER NOTICE** that Defendants hereby file a copy of

their notice with the Superior Court of New Jersey, Law Division, Bergen County, in accordance

with 28 U.S.C. § 1446.

Respectfully submitted,

JACKSON LEWIS P.C.

By:    <u>s/ Mary L. Moore</u>
       Mary L. Moore
       JACKSON LEWIS P.C.
       200 Connell Drive
       Suite 2000
       Berkeley Heights, NJ 07922
       (908) 795-5210

       Beverly W. Garofalo, Esq.
       (*pro hac vice forthcoming*)
       JACKSON LEWIS P.C.
       90 State House Square
       8th Floor
       Hartford, CT 06103
       (860) 331- 1535

**ATTORNEYS FOR DEFENDANTS BERTELSMANN, INC. and RTL ADCONNECT, INC.**

Dated:  October 12, 2020
4824-4331-0798, v. 1

# EXHIBIT 1

Mary L. Moore, Esq. (Bar ID No. 023421991)
JACKSON LEWIS P.C.
200 Connell Drive
Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5210
ATTORNEYS FOR DEFENDANTS
BERTELSMANN, INC. AND RTL ADCONNECT, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ANN CARLATTA [sic], | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. _____ |
| | : | |
| BERTELSMANN, INC.; and RTL | : | |
| ADCONNECT, INC., | : | |
| | : | |
| Defendants. | : | |

To:   Clerk of Court
      United States District Court for the District of New Jersey
      MLK, Jr. Building and U.S. Courthouse
      50 Walnut Street
      Newark, New Jersey 07102

      The Law Offices of Richard Malagiere
      Leonard Seaman, Esq.
      250 Moonachie Road, Suite 102
      Moonachie, New Jersey 07074
      (201) 440-0675
      Attorneys for Plaintiff

**DEFENDANTS' NOTICE AND PETITION FOR REMOVAL OF A CASE FROM THE
SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, BERGEN COUNTY**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Bertelsmann, Inc.

('Bertelsmann") and RTL AdConnect, Inc. ("RTL") (collectively, "Defendants") respectfully

submit this Notice and Petition for Removal of a Case from the Superior Court of New Jersey,

Law Division, Bergen County, bearing Docket No. BER-L-2326-20, and as grounds for removal show as follows:

## I.   Introduction

1.      On April 15, 2020, Plaintiff Ann Carletta ("Carletta") filed a civil action in the Superior Court of New Jersey Law Division, Bergen County (the "State Court Action") styled as <u>Ann Carlatta [sic] v. Bertelsmann, Inc. and RTL AdConnect, Inc.</u> (the "Complaint").  A true copy of the Complaint is attached as Exhibit A.

2.      On September 15, 2020, Defendants accepted service of the Summons and Complaint.  Exhibit B.

3.      The Complaint alleges claims arising under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §10:5-1 *et seq.,* and the New York State and New York City Civil Rights laws.  Exhibit A.

4.      This Notice of Removal is therefore timely pursuant to 28 U.S.C. §1446(b).  Defendants filed this Notice of Removal within 30 days of Defendants' Acknowledgement of Service of the Summons and Complaint by counsel on Defendants' behalf in lieu of actual service.  Exhibit B. The Complaint is Plaintiff's initial pleading setting forth the claim for relief upon which Plaintiff's action is based.

5.      Defendants have not filed an answer or other pleading in the Superior Court of New Jersey.

## II.   Basis for Removal

6.      This action is being removed to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 as it involves a controversy between citizens of different states:

a.      Plaintiff is and was upon the filing of the subject Complaint a citizen and resident of the State of New Jersey.  Complaint at paragraph 1, Exhibit A.

b.      Bertelsmann is a Delaware corporation, incorporated in Delaware with its principal place of business located at 1745 Broadway, New York, New York.  Complaint at paragraph 2; Exhibit A.  Delaware Secretary of State record of incorporation in Delaware; Exhibit C. Bertelsmann is therefore a citizen of Delaware and New York, but is not a citizen of New Jersey.

c.      RTL is a Delaware corporation, incorporated in Delaware with its principal place of business located at 1745 Broadway, New York, New York.  Complaint at paragraph 3; Exhibit A. Delaware Secretary of State record of incorporation in Delaware; Exhibit C.  RTL is therefore a citizen of Delaware and New York, but is not a citizen of New Jersey.

7.      Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires, in addition to diversity of citizenship, an amount in controversy in excess of $75,000, exclusive of interest and costs.

8.      The Complaint alleges, inter alia, violations of the NJLAD and New York State and City civil rights laws.  The entire amount in controversy, while not specifically enumerated in the Complaint, appears to contemplate an amount exceeding the sum or value of $75,000.  As set forth in the Complaint, Plaintiff seeks compensatory damages, including emotional distress damages; punitive damages; and attorneys' fees and costs.  Further, the Complaint alleges lost wages of between $166,000 and $175,000 annually.  Without conceding that Plaintiff is entitled to damages or could recover damages in any amount from Defendants, given the extensive relief requested by Plaintiff, particularly the requested award of lost wages accruing at over $175K per year, punitive damages and attorneys' fees, Defendants submit that the amount in controversy exceeds the jurisdictional amount.

9.      This Court, therefore, has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of different states, and the amount in controversy in this action exceeds $75,000.  This action therefore may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b), based upon this Court's diversity jurisdiction.

### III.    All Other Requirements Are Met

10.      Venue in this Court is appropriate under 28 U.S.C. § 1441(a), because this district and division embrace the place in which the State Court Action has been pending.

11.      Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of the removal of this action to all adverse parties, and have filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.

### IV.    No Waiver

12.      By filing this Notice of Removal, Defendants do not waive their right to assert any claims, defenses, or other motions, including, but not limited to, Rule 12 motions, permitted by the Federal Rules of Civil Procedure.

### V.    Conclusion

For the foregoing reasons, Defendants respectfully request that further proceedings in the State Court Action be discontinued, and that this suit be removed to the United States District Court for the District of New Jersey.

Respectfully Submitted,

By:     *s/ Mary L. Moore*
Mary L. Moore
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5210

**DEFENDANTS' NOTICE AND PETITION FOR REMOVAL OF A CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, BERGEN COUNTY**          **Page 4**

Beverly W. Garofalo, Esq.
(*pro hac vice forthcoming*)
90 State House Square
8th Floor
Hartford, CT 06103
(860) 331- 1535

**ATTORNEYS FOR DEFENDANTS
BERTELSMANN, INC. and
RTL ADCONNECT, INC.**

Dated:  October 12, 2020

4848-9324-3086, v. 1

# EXHIBIT A

THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 102
Moonachie, New Jersey 07074
(201) 440-0675
Richard Malagiere Attorney ID: (037951996)
Leonard E. Seaman Attorney ID: (035021990)
Attorneys for Plaintiff, Ann Carlatta

| | |
|---|---|
| **ANN CARLATTA** | SUPERIOR COURT OF NEW JERSEY |
| | CIVIL DIVISION: BERGEN COUNTY |
| *Plaintiff,* | LAW DIVISION |
| | |
| v. | DOCKET NO. |
| | |
| **BERTELSMANN, INC.; and RTL** | <u>CIVIL ACTION</u> |
| **ADCONNECT, INC.** | |
| | **COMPLAINT, JURY DEMAND, and** |
| *Defendants.* | **DESIGNATION OF TRIAL COUNSEL** |

Plaintiffs, Ann Carlatta by way of complaint against Defendants, Bertelsmann, Inc.; and

RTL AdConnect, Inc. says:

## THE PARTIES

1.       Plaintiff, Ann Carlatta is an individual residing at 36 Colony Road, Edgewater

New Jersey 07020.

2.       Defendant, Bertelsmann, Inc. ("Bertelsmann"), is a Delaware corporation having

its principle place of business located at 1745 Broadway, New York, New York.

3.       Defendant, RTL AdConnect, Inc. ("RTL"), is a Delaware corporation having its

principle place of business located at 1745 Broadway, New York, New York. (Bertelsmann and

RTL are referred to collectively herein as "Defendants".)

## JURISDICTION AND VENUE

4.       This court has jurisdiction over this matter pursuant to <u>R.</u> 4:3-1(a)(5) inasmuch as

the plaintiff is a citizen of the State of New Jersey and Defendants purposefully established

minimum contacts within this State by, among other things, engaging plaintiff in a contact of

employment and entering in, or attempting to enter in, other contracts or business dealings with citizens of this State

5.      Venue is appropriate in Bergen County pursuant to <u>R.</u> 4:3-2(a)(3) inasmuch as plaintiff resides in Bergen County.

## FACTS COMMON TO ALL COUNTS

6.      Plaintiff was, within the meaning of the laws relevant hereto, an employee of Bertelsmann and RTL.

7.      She commenced her employment with Defendants on or about March 8, 2019 as a Senior Director of Media at an initial annual salary of $166,000 plus benefits and potential bonuses.

8.      As detailed in the March 4, 2019 letter offering her employment, her salary increased to $175,000 per year on September 1, 2019.

9.      At the commencement of her employment, plaintiff reported to Simon Betts, Board Director, UK & North America.

10.     At that same time, Douglas Cajas and Alexandre Callay were also Senior Directors of Media.

11.     In May of 2019, Alexandre Callay was promoted to Deputy Director of North America to manage the Defendant's New York and Los Angeles offices and became plaintiff's direct supervisor.

12.     During a meeting with Boris Becker, Head of Digital Sales, Brie Higgins, Account Manager and plaintiff, Mr Callay offered his impressions of each of his subordinates. Mr. Becker was okay because he was German. Likewise, he offered that Douglas Cajas, Senior Director of Sales was acceptable because he was not from the United States. While Ms. Higgins

2

was a United States citizen, Mr. Callay explained that because of her Italian background, she seemed more European, making her "one of them."

13.     Mr. Callay then pointed to plaintiff and said that she "was an American and was going to be a problem" at least in part because Americans run to human resources with all their problems. He continued to espouse his discriminatory views noting that he is French and French people tell it like it is while Americans, like plaintiff, can only say good things and are difficult to deal with because they are dishonest, can only see a glass as half-full while Frenchmen, like him, see a glass as half-empty.

14.     Mr. Callay then undertook a scheme to wrongfully discharge plaintiff from her employment for pretextual reasons, placing her on a Performance Improvement Plan ("PIP") on or about July 3, 2019 based entirely on false allegations of unsatisfactory performance.

15.     Plaintiff refuted all the claims in an email to Mr. Callay shortly after receiving the PIP.

16.     Plaintiff met with Ericka Kirschner, Bertelsmann's, Senior Vice President of Human Resources, on July 25, 2019. During that meeting, plaintiff related Mr. Callay's discriminatory conduct to which Ms. Kirschner responded, "That's not good."

17.     Plaintiff followed through with all the procedures required by the PIP.

18.     On September 5, 2010 (just days after her $11,000 salary increase went into effect), plaintiff was called to a meeting with Mr. Callay and Ms. Kirschner where she was informed that she was being discharged as a part of a "restructuring" of the company.

19.     No other employees of Defendants experienced any change in their employment status as a result of this purported "restructuring."

3

20.     Bertlesman's Code of Conduct notes that "responsible and ethical behavior toward employees, business partners, society and the environment is an integral part of our company's value system." As such, "All Bertelsmann managers are obligated to be familiar with the basic laws, regulations and corporate policies that are relevant to their areas of responsibility." "Managers are responsible for encouraging open dialogue and for supporting their employees and addressing their concerns in a fair and impartial manner." "Intimidation or retaliation against employees who in good faith provide reports of suspected or actual misconduct must not be tolerated." "Every individual is entitled to fair, dignified and respectful treatment."

21.     The Code of Conduct explicitly states that:

> All decisions with respect to recruiting, hiring, disciplinary
> measures and promotion as well as other conditions
> of employment must be administered free from any illegal
> discriminatory practices. <u>We do not tolerate discrimination</u>
> <u>against employees</u> or applicants for employment <u>because of</u>
> race, <u>national or ethnic origin</u>, gender, pregnancy, marital or
> parental status, age, disability, religion or belief, sexual orientation
> or any other characteristic specified under applicable
> anti-discrimination law or company policy.

(emphasis added)

22.     The conduct of defendants and its representatives, including Mr. Callay and Ms. Kirschner violated this Code of Conduct and applicable anti-discrimination laws.

**<u>COUNT ONE</u>**
**(New Jersey Law Against Discrimination)**

23.     Plaintiff repeats each and every allegation of the preceding paragraphs as if more fully set forth herein.

24.     Plaintiff was qualified for and, in fact, performing her respective duties competently and without incident.

4

25. Plaintiff met and/or exceeded Defendants' legitimate expectations of employment.

26. Plaintiff suffered adverse employment actions as a direct result of her national origin.

27. As a direct and proximate result of the above conduct, plaintiff suffered and continues to suffer substantial loss of income; diminishment of career opportunity; loss of self-esteem; disruption of her family and personal life; physical and mental pain; emotional trauma and distress; pain and suffering; and other irreparable harm.

28. The acts and omissions of defendants violated the New Jersey Law Against Discrimination.

WHEREFORE, Plaintiff, Ann Carlatta, demands judgment against Defendants, as follows:

A. For money damages for all economic losses including, but not limited to, lost, past and future salary and fringe benefits;

B. For compensatory damages;

C. For punitive damages;

D. For emotional distress damages;

E. For physical manifestations of pain and suffering;

F. For attorneys' fees and costs of this action;

G. For interest at the maximum legal rate on all sums awarded;

H. For such other and further relief as the Court deems just and proper.

### COUNT TWO
### (New York State Civil Rights Law)

29. Plaintiff repeats each and every allegation of the preceding paragraphs as if more fully set forth herein.

5

30. Plaintiff was qualified for and, in fact, performing her respective duties competently and without incident.

31. Plaintiff met and/or exceeded Defendants' legitimate expectations of employment.

32. Plaintiff suffered adverse employment actions as a direct result of her national origin.

33. As a direct and proximate result of the above conduct, plaintiff suffered and continues to suffer substantial loss of income; diminishment of career opportunity; loss of self-esteem; disruption of her family and personal life; physical and mental pain; emotional trauma and distress; pain and suffering; and other irreparable harm.

34. The acts and omissions of defendants violated the New York State Civil Rights Law.

WHEREFORE, Plaintiff, Ann Carlatta, demands judgment against Defendants, as follows:

A. For money damages for all economic losses including, but not limited to, lost, past and future salary and fringe benefits;

B. For compensatory damages;

C. For punitive damages;

D. For emotional distress damages;

E. For physical manifestations of pain and suffering;

F. For attorneys' fees and costs of this action;

G. For interest at the maximum legal rate on all sums awarded;

H. For such other and further relief as the Court deems just and proper.

## COUNT THREE
### (New York City Civil Rights Law)

35.     Plaintiff repeats each and every allegation of the preceding paragraphs as if more fully set forth herein.

36.     Plaintiff was qualified for and, in fact, performing her respective duties competently and without incident.

37.     Plaintiff met and/or exceeded Defendants' legitimate expectations of employment.

38.     Plaintiff suffered adverse employment actions as a direct result of her national origin.

39.     As a direct and proximate result of the above conduct, plaintiff suffered and continues to suffer substantial loss of income; diminishment of career opportunity; loss of self-esteem; disruption of her family and personal life; physical and mental pain; emotional trauma and distress; pain and suffering; and other irreparable harm.

40.     The acts and omissions of defendants violated the New York City Civil Rights Law.

WHEREFORE, Plaintiff, Ann Carlatta, demands judgment against Defendants, as follows:

A. For money damages for all economic losses including, but not limited to, lost, past and future salary and fringe benefits;

B. For compensatory damages;

C. For punitive damages;

D. For emotional distress damages;

E. For physical manifestations of pain and suffering;

F. For attorneys' fees and costs of this action;

G. For interest at the maximum legal rate on all sums awarded;

H. For such other and further relief as the Court deems just and proper.

7

LAW OFFICES OF RICHARD MALAGIERE, PC
Attorneys Plaintiff, Ann Carlatta

By: /s/ Leonard E. Seaman
        LEONARD E. SEAMAN

DATED: April 15, 2020

## **JURY DEMAND**

Plaintiffs hereby demand trial by jury of all matters so triable.

LAW OFFICES OF RICHARD MALAGIERE, PC
Attorneys Plaintiff, Ann Carlatta

By: /s/ Leonard E. Seaman
        LEONARD E. SEAMAN

DATED: April 15, 2020

## **DESIGNATION OF TRIAL COUNSEL**

Leonard E. Seaman is designated as trial counsel for the plaintiff in the within action.

LAW OFFICES OF RICHARD MALAGIERE, PC
Attorneys Plaintiff, Ann Carlatta

By: /s/ Leonard E. Seaman
        LEONARD E. SEAMAN

DATED: April 15, 2020

## **CERTIFICATION**

I certify pursuant to R. 4:5-1 that the matter in controversy is not the subject matter of any other action pending in any Court or of a pending arbitration proceeding. I further certify that no other action or arbitration proceeding is contemplated. I further certify that to the best of my knowledge, information and belief, no other party should be joined in this action. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment. I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

/s/ Leonard E. Seaman
LEONARD E. SEAMAN

DATED: April 15, 2020

8

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-002326-20**

**Case Caption:** CARLATTA ANN  VS BERTELSMANN, INC.

**Case Initiation Date:** 04/15/2020

**Attorney Name:** LEONARD E SEAMAN III

**Firm Name:** RICHARD MALAGIERE, PC

**Address:** 250 MOONACHIE ROAD SUITE 102

MOONACHIE NJ 07074

**Phone:** 2014400675

**Name of Party:** PLAINTIFF : Carlatta, Ann

**Name of Defendant's Primary Insurance Company**

**(if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**

**transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/15/2020
Dated

/s/ LEONARD E SEAMAN III
Signed

# EXHIBIT B

Mary L. Moore, Esq. (Bar ID No. 023421991)
JACKSON LEWIS P.C.
200 Connell Drive
Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANTS

| | |
|---|---|
| ANN CARLATTA, | SUPERIOR COURT OF NEW JERSEY |
| | BERGEN COUNTY – LAW DIVISION |
| Plaintiff, | |
| | Civil Action |
| v. | |
| | Docket No: BER-L-2326-20 |
| BERTELSMANN, INC.; and RTL ADCONNECT, INC., | **ACKNOWLEDGEMENT OF SERVICE** |
| Defendants. | |

TO:
Clerk of the Court
New Jersey Superior Court
Bergen County Courthouse
10 Main Street
Hackensack, NJ 07601

**PLEASE TAKE NOTICE** that, pursuant to R. 4:4-6, the undersigned attorneys for Defendants Bertelsmann, Inc. and RTL AdConnect, Inc. hereby acknowledge and accept service on Defendants' behalf of Plaintiff's Summons and Complaint on September 15, 2020.

JACKSON LEWIS P.C.
Attorneys for Defendants, Bertelsmann, Inc.
and RTL AdConnect, Inc.


By: \s\ *Mary L. Moore*
    Mary L. Moore

4843-7443-1692, v. 1

# EXHIBIT C



**Department of State: Division of Corporations**

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request
How to Form a New Business Entity

### Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| File Number: | 812624 | Incorporation Date / Formation Date: | 5/22/1975 (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | BERTELSMANN, INC. | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| Name: | CORPORATION SERVICE COMPANY | |
|---|---|---|
| Address: | 251 LITTLE FALLS DRIVE | |
| City: | WILMINGTON | County: New Castle |
| State: | DE | Postal Code: 19808 |

Delaware.gov



**Department of State: Division of Corporations**

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of Documents

### Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| File Number: | 6637343 | Incorporation Date / Formation Date: | 11/20/2017 (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | RTL ADCONNECT, INC. | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| Name: | CORPORATION SERVICE COMPANY | |
|---|---|---|
| Address: | 251 LITTLE FALLS DRIVE | |
| City: | WILMINGTON | County: New Castle |
| State: | DE | Postal Code: 19808 |
| Phone: | 302-636-5401 | |

Additional information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information

[Submit]

[View Search Results]     [New Entity Search]

For help on a particular field click on the Field Tag to take you to the help area.