Mary L. Moore, Esq. (Bar ID No. 023421991)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5127

ATTORNEYS FOR DEFENDANTS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANN CARLATTA [sic]**,<br><br>　　　Plaintiff,<br><br>v.<br><br>**BERTELSMANN, INC.; and RTL ADCONNECT, INC.**,<br><br>　　　Defendants. | Civil Action No. 2:20-cv-14304 (KSH) (CLW)<br><br>**DEFENDANTS' ANSWER TO THE COMPLAINT** |

Defendants Bertelsmann, Inc. ('Bertelsmann")[1] and RTL AdConnect, Inc. ("RTL")

(collectively, "Defendants"), by way of Answer to Plaintiff's Complaint, state as follows:

**THE PARTIES**

1.　　Defendants admit the allegations set forth in paragraph 1 upon information and

belief, and further clarify that the correct spelling of Plaintiff's name is "Ann Carletta."

2.　　Defendants admit the allegations set forth in paragraph 2.

3.　　Defendants admit the allegations set forth in paragraph 3.

---

[1] Bertelsmann is not a proper party to this lawsuit as it never employed Plaintiff nor was it a joint employer with RTL. By answering the Complaint, Bertelsmann does not waive any of its defenses.

## JURISDICTION AND VENUE

4.     Upon information and belief, Defendants admit that Plaintiff is a citizen of New Jersey.  Defendants deny the allegations set forth in paragraph 4, except to clarify that this Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. section 1332.

5.     Defendants lack sufficient knowledge upon which to form a belief as to the truth of the matters asserted in paragraph 5 and, therefore, deny same.

## FACTS COMMON TO ALL COUNTS

6.      Defendants deny the allegations set forth in paragraph 6, except to clarify that Plaintiff was an employee of RTL.

7.     Defendants deny the allegations set forth in paragraph 7, except to clarify that Plaintiff was an employee of RTL in the position of Senior Director of Media subject to terms and conditions of employment as set forth in documents that speak for themselves.

8.     Defendants admit the allegations set forth in paragraph 8, except to clarify that Plaintiff was an employee of RTL.

9.     Defendants deny the allegations of paragraph 9, except to clarify that Plaintiff was an employee of RTL.

10.     Defendants admit that Messrs. Cajas and Mr. Callay held the title of Senior Director Media at RTL at the time of Plaintiff's hire.  Defendants deny the remaining allegations of paragraph 10, except to clarify that Plaintiff was an employee of RTL.

11.     Defendants admit that Mr. Callay was promoted to the position of Deputy Director North America – Sales at RTL and that Plaintiff began reporting to him.  Defendants

2

deny the remaining allegations set forth in paragraph 11, except to clarify that Plaintiff was an employee of RTL.

12.     Defendants deny the allegations set forth in paragraph 12, except to clarify that Plaintiff was an employee of RTL.

13.     Defendants deny the allegations set forth in paragraph 13, except to clarify that Plaintiff was an employee of RTL.

14.     Defendants admit that RTL issued Plaintiff a Performance Improvement Plan ("PIP") on or about July 3, 2019.  Defendants deny the remaining allegations of paragraph 14, except to clarify that Plaintiff was an employee of RTL.

15.     Defendants admit that Plaintiff responded to the PIP in an email, which speaks for itself.  Defendants deny the remaining allegations set forth in paragraph 15, except to clarify that Plaintiff was an employee of RTL.

16.     Defendants admit that Plaintiff met with Ms. Kirchner on or about July 25, 2019. Defendants deny that Mr. Callay engaged in "discriminatory conduct."  Defendants lack knowledge sufficient to form a belief as to the remaining allegations of paragraph 16 upon which to form a belief as to the truth of the matters asserted therein and, therefore, deny same.

17.     Defendants deny the allegations set forth in paragraph 17, except to clarify that Plaintiff was an employee of RTL.

18.     Defendants admit that RTL terminated Plaintiff's employment on or about September 5, 2010 and after a salary increase that was part of her offer letter went into effect. Defendants deny the remaining allegations set forth in paragraph 18, except to clarify that Plaintiff was an employee of RTL.

19.   Defendants deny the allegations set forth in paragraph 19, except to clarify that Plaintiff was an employee of RTL.

20.   Defendants aver that the document referenced therein speaks for itself, and deny any allegation to the contrary.

21.   Defendants aver that the document referenced therein speaks for itself, and deny any allegation to the contrary.

22.   Defendants deny the allegations set forth in paragraph 22, except to clarify that Plaintiff was an employee of RTL.

## COUNT ONE
### New Jersey Law Against Discrimination

23.   Defendants repeat their responses to the allegations set forth in paragraphs 1 through 22 as if set forth at length herein.

24.   Defendants deny the allegations set forth in paragraph 24, except to clarify that Plaintiff was an employee of RTL.

25.   Defendants deny the allegations set forth in paragraph 25, except to clarify that Plaintiff was an employee of RTL.

26.   Defendants deny the allegations set forth in paragraph 26, except to clarify that Plaintiff was an employee of RTL.

27.   Defendants deny the allegations set forth in paragraph 27, except to clarify that Plaintiff was an employee of RTL.

28.   Defendants deny the allegations set forth in paragraph 28, except to clarify that Plaintiff was an employee of RTL, and deny that Plaintiff is entitled to relief sought therein.

## COUNT TWO
### New York State Civil Rights Law

29.     Defendants repeat their responses to the allegations set forth in paragraphs 1 through 28 as if set forth at length herein.

30.     Defendants deny the allegations set forth in paragraph 30, except to clarify that Plaintiff was an employee of RTL.

31.     Defendants deny the allegations set forth in paragraph 31, except to clarify that Plaintiff was an employee of RTL.

32.     Defendants deny the allegations set forth in paragraph 32, except to clarify that Plaintiff was an employee of RTL.

33.     Defendants deny the allegations set forth in paragraph 33, except to clarify that Plaintiff was an employee of RTL.

34.     Defendants deny the allegations set forth in paragraph 34, except to clarify that Plaintiff was an employee of RTL, and deny that Plaintiff is entitled to relief sought therein.

## COUNT THREE
### New York City Civil Rights Law

35.     Defendants repeat their responses to the allegations set forth in paragraphs 1 through 34 as if set forth at length herein.

36.     Defendants deny the allegations set forth in paragraph 36, except to clarify that Plaintiff was an employee of RTL.

37.     Defendants deny the allegations set forth in paragraph 37, except to clarify that Plaintiff was an employee of RTL.

38.     Defendants deny the allegations set forth in paragraph 38, except to clarify that Plaintiff was an employee of RTL.

39.     Defendants deny the allegations set forth in paragraph 39, except to clarify that Plaintiff was an employee of RTL.

40.     Defendants deny the allegations set forth in paragraph 40, except to clarify that Plaintiff was an employee of RTL, and deny that Plaintiff is entitled to relief sought therein.

## DESIGNATION OF TRIAL COUNSEL

Defendants designate Beverly Garofalo, Esq. of Jackson Lewis P.C. as trial counsel, subject to her admission to this Court *pro hac vice*.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST SEPARATE DEFENSE

Plaintiff has failed to state a cause of action against either Defendant upon which relief can be granted.

### AS AND FOR A SECOND SEPARATE DEFENSE

The Court does not have general or specific *in personam* jurisdiction over Defendants, venue is not proper pursuant to 28 U.S.C. section 1391, and the complaint should therefore be dismissed.

### AS AND FOR A THIRD SEPARATE DEFENSE

Plaintiff's complaint should be dismissed because all actions taken with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's sex, or any protected status or conduct.

### AS AND FOR A FOURTH SEPARATE DEFENSE

Each and every action taken with respect to Plaintiff was based upon reasonable factors other than sex, or other protected characteristic or status.

### AS AND FOR A FIFTH SEPARATE DEFENSE

Upon information and belief, Plaintiff's claims for damages are barred or reduced by the failure to mitigate alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### AS AND FOR A SIXTH SEPARATE DEFENSE

Plaintiff's claims for emotional distress are barred by the exclusive remedy provisions of New Jersey's and/or New York's workers' compensation statute.

### AS AND FOR A SEVENTH SEPARATE DEFENSE

Plaintiff's claims for punitive damages are not recoverable under every cause of action alleged in Plaintiff's complaint, are subject to the limitations of the Punitive Damages Act, and are not recoverable above any compensatory damages award.

### AS AND FOR AN EIGHTH SEPARATE DEFENSE

Defendant Bertelsmann, Inc. was not Plaintiff's employer, and Plaintiff alleges no facts to pierce the corporate veil between independent corporate entities.

### AS AND FORTH A NINTH SEPARATE DEFENSE

Defendant RTL AdConnect, Inc. took prompt effective remedial action to address any concern raised by Plaintiff, pursuant to widely-publicized policies prohibiting discrimination and retaliation based on sex, or other protected status or conduct.

WHEREFORE, Defendants respectfully request that this Court:

a.      Dismiss the Complaint in its entirety;

b.      Deny each and every demand, claim and prayer for relief contained in the Complaint;

c.      Award to Defendants reimbursement and restitution for damages caused by Plaintiff, and for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

d.      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
Mary L. Moore, Esq.
200 Connell Drive
Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200

Beverly W. Garofalo, Esq.
(*pro hac vice forthcoming*)
90 State House Square, 8th Floor
Hartford, CT 06103
(860) 331-1535

By:     s/ Mary L. Moore
        Mary L. Moore

Dated:   November 2, 2020.

4816-7281-4544, v. 1