# JacksonLewis

Jackson Lewis P.C.
200 Connell Drive, Suite 2000
Berkeley Heights NJ  07922
(908) 795-5200 Direct
(908) 464-2614 Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

AMANDA E. MILLER, ESQ.
Email: Amanda.Miller@jacksonlewis.com

April 10, 2023

**VIA ELECTRONIC FILING**
Hon. Cathy L. Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
MLK, Jr. Courthouse
Newark, New Jersey  07101

Re:  Ann Carletta *v.* Bertelsmann, Inc., *et al.*
Docket No. 2:20-cv-14304 (KSH)(CLW)

Dear Judge Waldor:

This firm represents Defendants Bertelsmann, Inc. and RTL AdConnect, Inc. ("Defendants") in the above matter. Plaintiff Ann Carletta is represented by Leonard E. Seaman, Esq. of the Law Office of Richard Malagiere.  Kindly accept this correspondence as a joint status letter from the parties on discovery in this matter.

After the conclusion of Plaintiff's deposition, on September 8, 2022, Defendants prepared correspondence to Plaintiff seeking the execution of an authorization for her employment records with Hibu.  According to Plaintiff, after the cessation of her employment with Defendant, she subsequently obtained employment with Hibu and thereafter, resigned as the "it wasn't the position that they promised." Also, on October 14, 2022, Defendants issued Plaintiff a supplemental document demand, seeking documents referenced at Plaintiff's deposition, as well as documents related to Plaintiff's mitigation efforts.

On November 28, 2022, January 19, 2023, and March 2, 2023, Defendants followed up with Plaintiff to obtain the requested documents, as well as the Hibu employment authorization. During the last case management conference before Your Honor on February 8, 2023, Plaintiff's counsel advised that he expected to provide the documents and the authorizations by February 28, 2023.  Plaintiff failed to provide the discovery by February 28th.  On March 23, 2023, Plaintiff's

**JacksonLewis**

Hon. Cathy L. Waldor, U.S.M.J.<br>
U.S. District Court for the District of New Jersey<br>
April 10, 2023<br>
Page 2

counsel indicated he was meeting with his client "next week to address the discovery demands." Due to scheduling issues, Plaintiff was unable to meet with counsel. To date, Plaintiff has neither provided the outstanding discovery nor the employment authorization. These documents are critical to the evaluation of the damages alleged in this case, as Plaintiff only seeks economic damages in this litigation, which has been acknowledged by both Plaintiff and her counsel. Defendants' expert is unable to complete their expert report without the remaining discovery, as it is essential to Plaintiff's mitigation efforts. As such, Defendants respectfully request the Court enter an Order, requiring Plaintiff to provide discovery responses by April 19, 2023 and further, permit Defendants to file a motion to dismiss if Plaintiff fails to respond. Plaintiff submits that—due to the amount of materials sought—she should be afforded to May 10, 2023 to provide them.

Lastly, during the prior case management conference, the parties raised the issue of proceeding through the Hague Convention for two witnesses residing in Luxembourg and France, as well as the applicability of the apex doctrine as to those witnesses. Plaintiff requested that Defendant provide addresses in Luxembourg and France where the individuals could be served and assurances that they would actually accept service of process delivered to those locations. To date, neither have been provided. Instead, in an attempt to resolve the apex doctrine and Hague complications, Defendants requested Plaintiff to provide a proffer as to the two witnesses to see if there was a potential resolution (i.e. interrogatories and/or a certification in lieu of deposition testimony, etc.). On April 7, 2023, Plaintiff's counsel provided the proffer. Defendants are reviewing Plaintiff's proffer as to the witnesses, as well as the relevant caselaw in an attempt to craft a resolution to these issues without the necessity of Court intervention.

We thank Your Honor for your consideration.

Respectfully submitted,

JACKSON LEWIS P.C.

s/ Amanda E. Miller

Amanda E. Miller

AEM:am

cc: Leonard E. Seaman  (via ECF)